UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN WAYNE JONES, <br><br> Defendant. | No. CR21-022-JCC <br><br> [~~PROPOSED~~] <br><br> **ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of an Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Kevin Wayne Jones's interest in the following property:

> A sum of money in the amount of $2,500, representing proceeds the Defendant obtained from his commission of Bank Fraud. The Defendant understands and acknowledges this forfeited sum of money is separate and distinct from the restitution that is ordered in this case. The United States has agreed, however, it will request the Attorney General apply any amounts it collects toward satisfaction of this forfeited sum to the restitution that is ordered. The United States has also agreed that any amount the Defendant pays toward restitution will be credited against this forfeited sum.

///

Order of Forfeiture - 1
*United States v. Kevin Wayne Jones,* CR21-022-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

- The proceeds of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 1349, are forfeitable pursuant to 18 U.S.C. § 982(a)(2);
- In his plea agreement, the Defendant agreed to forfeit a sum of money pursuant to 18 U.S.C. § 982(a)(2) reflecting proceeds he obtained from his commission of the Bank Fraud offense (Dkt. No. 64, ¶ 16); and,
- This sum of money is personal to the Defendant – pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 982(a)(2), and his plea agreement, the Defendant's interest in the above-identified sum of money is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) No right, title, or interest in this sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed this sum of money; and,

///

Order of Forfeiture - 2
*United States v. Kevin Wayne Jones,* CR21-022-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5)   The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 18th day of January 2022.

                                          John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2619
Michelle.Jensen@usdoj.gov

Order of Forfeiture - 3
*United States v. Kevin Wayne Jones,* CR21-022-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970